LAUREN M. BLAS, SBN 296823
lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000

JASON C. SCHWARTZ, *admitted pro hac vice*
jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500

ZAINAB N. AHMAD, *admitted pro hac vice*
zahmad@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000

Attorneys for AMAZON.COM, INC., AMAZON
WEB SERVICES, INC., and TODD
WEATHERBY, in his individual and
professional capacities

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| CINDY WARNER, | CASE NO. 5:21-CV-00866-JWH-KK |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and TODD WEATHERBY, in his individual and professional capacities, | **Hearing**:<br>Date:      September 23, 2022<br>Time:      9:00 a.m.<br>Judge:    John W. Holcomb |
| Defendants. | |

Gibson, Dunn &
Crutcher LLP

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 23, 2022, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable John W. Holcomb, in Courtroom 2 of the United States District Court for the Central District of California, located at 3470 12th Street, Riverside, CA 92501, Defendants AMAZON.COM, INC. and AMAZON WEB SERVICES, INC. (collectively "Amazon") and TODD WEATHERBY, in his individual and professional capacities, will and hereby do move this Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff Cindy Warner's Second Amended Complaint (the "SAC") with prejudice because Warner's pay discrimination, gender discrimination, and retaliation claims fail as a matter of law.  Alternatively, in the event the SAC is not dismissed in its entirety, Defendants will and hereby do move this Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff's claims against Todd Weatherby.

*First*, as to the first and fifth causes of action, Plaintiff has still failed to state a valid discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII") or the California Fair Employment and Housing Act ("FEHA"), as Plaintiff's SAC is devoid of any plausible allegations that she was treated less favorably *because of* her sex/gender.  Plaintiff's repeated, formulaic recitation that Amazon "discriminated against [her] on the basis of her sex/gender" is not sufficient.

*Second*, as to the third and eighth causes of action, Plaintiff has failed to state a valid discrimination claim under the Equal Pay Act ("EPA") or the California Equal

Pay Act ("CEPA").  Despite having a second opportunity to amend her Complaint, Plaintiff does not—because she cannot—allege that she received less compensation than any male peer who performed substantially the same work.  As Defendants pointed out in their Motion to Dismiss Plaintiff's prior pleading, Plaintiff's allegation that she should have been compensated at a higher level—despite having been hired as a Level 8 ("L8")—is not actionable under the EPA or the CEPA.  And Plaintiff's conclusory assertion that she should have been compensated as a Level 10 ("L10") employee because she performed work "consistent with an L10 role" is plainly inadequate.  As the Court aptly noted in its order, such "broad and conclusory allegations" cannot sustain equal pay claims.  Plaintiff was required to set forth specific, factual allegations establishing that her L8 position and the position of an L10 male employee required substantially the same "skill, effort, and responsibility," and she has not done so.  Plaintiff's claims under the EPA and CEPA must be dismissed.

*Third*, as to the second, fourth, sixth, and ninth causes of action, Plaintiff still cannot state a valid retaliation claim because she fails to allege facts from which this Court could reasonably infer that she was terminated because she complained of gender or pay discrimination.  At a minimum, Plaintiff was required to allege that the alleged decisionmaker, Todd Weatherby, was aware that she had engaged in protected activity or complained specifically of gender discrimination prior to her termination, and she has continuously failed to do so.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn & Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Fourth*, even if the SAC is not dismissed in its entirety, the Court should dismiss Plaintiff's EPA and CEPA claims against Weatherby because he is not an "employer" under these statutes. As Defendants noted in their prior Motion to Dismiss—and as remains the case—the CEPA does not allow for individual liability for employees such as Weatherby who acted within the scope of their employment. And under the EPA, an individual employee may not be held liable where, as here, the plaintiff fails to sufficiently allege that the individual held significant ownership and operational control over the employer's day-to-day functions and decision-making authority regarding the very matter about which the plaintiff complains. As before, Plaintiff does not allege facts sufficient to satisfy this requirement and instead relies on wholly conclusory and contradictory allegations.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any oral argument that may be heard by the Court, and any other matters that the Court may deem appropriate.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel, which took place on August 18, 2022. During that conference, the parties were unable to resolve the issues presented in this Motion.

1   Dated:  August 26, 2022

2                                       JASON C. SCHWARTZ
                                        ZAINAB N. AHMAD
3                                       LAUREN M. BLAS
                                        GIBSON, DUNN & CRUTCHER LLP
4

5
                                        By:  */s/ Lauren M. Blas*
6                                            Lauren M. Blas

7                                       Attorneys for Defendants AMAZON.COM,
                                        INC., AMAZON WEB SERVICES, INC., and
8                                       TODD WEATHERBY, in his individual and
                                        professional capacities
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

I.     Introduction ................................................................................. 1

II.    Factual Background ...................................................................... 4

III.   Legal Standard ............................................................................. 8

IV.    Argument ...................................................................................... 8

     A.   Plaintiff Still Fails to State a Claim for Gender Discrimination Under Title VII or the FEHA. ................................................... 9

     B.   Plaintiff Still Fails to State a Discrimination Claim Under the EPA or the CEPA. ......................................................................... 12

     C.   Plaintiff Still Fails to Plausibly Allege Retaliation. ................... 16

          1.   Plaintiff Still Fails to Plausibly Allege Retaliation Under Title VII or the FEHA. .................................................. 17

          2.   Plaintiff Still Fails to Plausibly Allege Retaliation Under the EPA or the CEPA. ................................................... 20

     D.   Plaintiff's Claims Against Weatherby in His Individual Capacity Must Be Dismissed. ............................................................... 21

V.     Conclusion ................................................................................. 25

1

## TABLE OF AUTHORITIES

2

<u>Page(s)</u>

3

### CASES

4

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................ 8

6

*Baird v. Kessler,*
  172 F. Supp. 2d 1305 (E.D. Cal. 2001), *aff'd*, 81 F. App'x 249
  (9th Cir. 2003) .................................................................................23, 24

*Banawis-Olila v. World Courier Ground, Inc.,*
  2016 WL 4070133 (N.D. Cal. July 29, 2016) .........................2, 14, 15, 24

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................... 8

*Boucher v. Shaw,*
  572 F.3d 1087 (9th Cir. 2009) .......................................................3, 22, 23

*Conservation Force v. Salazar,*
  646 F.3d 1240 (9th Cir. 2011) ............................................................... 8

*Evenfe v. Esalen Inst.,*
  2016 WL 3965167 (N.D. Cal. July 24, 2016) ....................................22, 25

*Fenglin Zhang v. Aicem Grp., LLC,*
  2014 WL 12678026 (N.D. Cal. Jan. 28, 2014)......................................... 23

*Flores v. Red Robin,*
  2018 WL 3811725 (E.D. Cal. Aug. 9, 2018) ...............................14, 21, 22

*Ford v. Yasuda,*
  2014 WL 9887277 (C.D. Cal. July 30, 2014) ......................................... 25

*Griffith v. Logisticare Sols., LLC,*
  2017 WL 8222609 (C.D. Cal. June 15, 2017)......................................... 17

*Hazen Paper Co. v. Biggins,*
  507 U.S. 604 (1993)............................................................................... 10

*Jones v. Thyssenkrupp Elevator,*
  2005 WL 8177458 (N.D. Cal. Dec. 22, 2005) .....................................4, 21

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn &
Crutcher LLP

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
   563 U.S. 1 (2011)................................................................................................20

*Kevari v. Scottrade, Inc.*,
   2018 WL 6136822 (C.D. Cal. Aug. 31, 2018) .........................................................8

*Martinez v. Combs*,
   231 P.3d 259 (Cal. 2010)...................................................................................21

*Mayfield v. Cnty. of Merced*,
   2014 WL 5823028 (E.D. Cal. Nov. 10, 2014) .......................................................21

*Olsen v. Hortica Ins. Co.*,
   2022 WL 464173 (N.D. Cal. Feb. 15, 2022) .........................................................10

*Ryan v. Santa Clara Valley Transp. Auth.*,
   2017 WL 1175596 (N.D. Cal. Mar. 30, 2017) .......................................................11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ........................................................................18, 19

*Stanley v. Univ. of S. Calif.*,
   13 F.3d 1313 (9th Cir. 1994) ..............................................................................12

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*,
   570 U.S. 338 (2013)....................................................................................17, 20

*Vega v. Honeywell Int'l, Inc.*,
   2021 WL 1226483 (S.D. Cal. Mar. 30, 2021) .......................................................12

*Vizcaino v. Areas USA, Inc.*,
   2015 WL 13573816 (C.D. Cal. Apr. 17, 2015) .....................................................10

*Walls v. Kiewit Corp.*,
   2019 WL 8685070 (C.D. Cal. Dec. 17, 2019)........................................................20

*Walsh v. AMD Sacramento*,
   2014 WL 4472752 (E.D. Cal. Sept. 11, 2014),
   *report and recommendation adopted* (E.D. Cal. Dec. 29, 2014), *aff'd sub nom.*
   *Walsh v. Am. Med. Response*, 684 F. App'x 610 (9th Cir. 2017) ...........................16

*Werner v. Advance Newhouse P'ship, LLC*,
   2013 WL 4487475 (E.D. Cal. Aug. 19, 2013) .......................................12, 13, 14, 21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn & Crutcher LLP

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) .......................................................................... 2, 13

*Williams v. Camden USA, Inc.*,
    2020 WL 953285 (S.D. Cal. Feb. 26, 2020)............................................................ 11

*Wood v. City of San Diego*,
    678 F.3d 1075 (9th Cir. 2012) ........................................................................... 1, 10

## STATUTES

29 U.S.C. § 206(d)(1) ............................................................................................. 14

Cal. Lab. Code § 1197.5(a)................................................................................. 14, 22

Gibson, Dunn &
Crutcher LLP

iv
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   INTRODUCTION

Plaintiff has continuously failed to state a valid claim for relief.  Despite having two opportunities to amend her Complaint, Plaintiff does not—because she cannot—allege sufficient facts to support her claims.  Instead, Plaintiff has left in her SAC the broad and conclusory statements that this Court already found insufficient.  As a result, Plaintiff still fails to plausibly allege that she was paid less than any male co-worker for equal work, that she was deprived of opportunities given to male employees *because of* her gender, or that she was retaliated against *because* she complained about alleged gender discrimination or unequal pay.  Plaintiff's SAC must be dismissed in its entirety, with prejudice.

Plaintiff's gender discrimination claims under Title VII and the FEHA are wholly inadequate because she still fails to plausibly allege that Amazon took any action against her *because of* her gender.  Both statutes require specific, factual allegations showing "an employer has treated [the plaintiff] less favorably than others *because of* a protected trait."  *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (emphasis added).  As this Court noted, Plaintiff's allegations on this point are "'broad and conclusive' and, therefore, insufficient to state a claim."  Dkt. 38 at 12.  Plaintiff's bare claim that Amazon "discriminated against [her] on the basis of her sex/gender" does not pass muster.  SAC ¶ 211; FAC ¶ 176.[1]

---

[1] "FAC" refers to Warner's Amended Complaint, filed on August 6, 2021.  Dkt. 28.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn & Crutcher LLP

Warner's pay discrimination claims are similarly deficient.  Warner continues to claim that even though she interviewed and was hired for an L8 role, she was entitled to compensation as an L10 because she believes she excelled at her job.  This allegation does not entitle her to relief under the EPA or CEPA.  Critically, Warner never alleges she was paid less than any male employees at her L8 level.  Rather, she claims she was either entitled to a promotion to an L10 role or should have been compensated as an L10.  But failure to promote is not a valid basis for a pay discrimination claim.  *See Williams v. Boeing Co.*, 517 F.3d 1120, 1131 (9th Cir. 2008).  Nor does Warner provide any "specific, factual allegations" demonstrating she was paid less than male employees in positions that required the same "skill, effort, and responsibility."  *Banawis-Olila v. World Courier Ground, Inc.*, 2016 WL 4070133, at *3 (N.D. Cal. July 29, 2016).  Instead, Warner alleges she should have received the same compensation as Dave Lavanty, a male ProServe employee, after his promotion to an L10 role, even though she continues to concede he was her "superior," SAC ¶ 115—an admission that doomed her last Complaint, *see* Dkt. 38 at 14.  And Warner now alleges Lavanty gained "increased influence and access" at Amazon with his promotion.  SAC ¶ 115.  These allegations belie Plaintiff's claim.  *See* Dkt. 38 at 13.  Warner's EPA and CEPA discrimination claims must be dismissed.

Warner's retaliation claims under Title VII, the EPA, and their California counterparts must also be dismissed.  Each statute requires "but-for" causation between a "protected activity" and an adverse action, and Warner still fails to meet this

2

Gibson, Dunn &
Crutcher LLP

requirement.  She alleges she complained to Amazon in general of gender discrimination, but she still fails to allege that Weatherby in particular was aware of these complaints prior to his purported role in her removal from ProServe or her termination.  Indeed, while she now alleges Weatherby was aware of her April 7 letter, she fails to allege Weatherby was aware of that letter's contents *prior to* his supposed involvement in her removal or termination.  Moreover, Warner alleges she separately complained in writing to Weatherby of "systemic bias, racism and discrimination" prior to her removal, *id.* ¶ 172, but she fails to plausibly allege she complained to Weatherby of *gender* discrimination in particular.  Therefore, she fails to allege the requisite causal connection, as she does not allege facts to support her barebones conclusion that Amazon retaliated against her "for complaining about unequal treatment . . . *on the basis of sex/gender*."  *Id.* ¶ 218 (emphasis added).  Warner's retaliation claims should be dismissed.

Even if the SAC is not dismissed in its entirety, as it should be, the EPA and CEPA claims against Weatherby must be dismissed.  An individual employee may be held liable under the EPA only if that employee has significant ownership in the company and has "control over the nature and structure of the employment relationship."  *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).  That is not the case here.  Although Plaintiff now claims that Weatherby's approval was "necessary to terminate" her (SAC ¶ 174), she admits that he did not have control over this decision, as the approval of "other Amazon officials" was also "necessary."  *Id.*  Similarly, while

3

Gibson, Dunn & Crutcher LLP

Plaintiff continues to set forth the conclusory allegation that Weatherby "was responsible for the hiring and termination decisions for all ProServe employees at Ms. Warner's level," she concedes that those decisions were required to be "reviewed . . . by other Amazon personnel." *Id.* ¶ 45.  These allegations preclude her claim that Weatherby is an "employer" who may be held liable under the EPA.  Further, under California law, individual employees are expressly barred from liability under the CEPA.  *See Jones v. Thyssenkrupp Elevator*, 2005 WL 8177458, at *10 (N.D. Cal. Dec. 22, 2005).  Therefore, Warner's claims against Weatherby must be dismissed.

## II.   FACTUAL BACKGROUND[2]

Plaintiff Cindy Warner joined Amazon in February 2020 as a Global Leader of Strategic Program Management in Amazon Web Services' Professional Services ("ProServe") division.  SAC ¶ 43.  Warner interviewed with Amazon in December 2019 and was subsequently offered a Global Leader role within ProServe, an L8 position.  *Id.* ¶¶ 39, 41.  Although she interviewed for, was hired for, and accepted an L8 position, Warner continues to allege she was qualified for an L10 Vice President position and was told that she could apply for an L10 position if and when one became available in ProServe.  *Id.* ¶¶ 38, 40, 43.  Warner was paid a salary, bonus, and restricted stock units that brought her total annual compensation to approximately $890,000.  *Id.*  L10 employees are typically paid more than L8s.  *Id.* ¶ 111.

---

[2]  The allegations in the SAC are treated as true for purposes of this motion only.

Upon her arrival at Amazon, Warner claims Weatherby, her manager and a Vice President at ProServe, prevented her from taking on more responsibility or receiving a promotion to an L10. *Id.* ¶¶ 35, 49-51. Warner claims Weatherby "had the authority to dictate the scope and nature of [her] role" and "controlled the terms and conditions of her employment (including her compensation and the ability to hire and fire)." *Id.* ¶¶ 35, 45. Warner alleges Weatherby "refused" to consider Warner "or anyone else in her 'L8 peer group'" for an L10 position that opened up in January 2021. *Id.* ¶¶ 60-62.

Warner claims Dave Lavanty was promoted from an L8 to the L10 role. *Id.* ¶ 98. According to Warner, prior to his promotion, Lavanty had "been the subject of various harassment, discrimination, and other complaints." *Id.* ¶ 99. Warner alleges Lavanty called her a "bitch," an "idiot," and a "nobody" in the presence of Human Resources ("HR") Representative Ed Salas on February 15, 2021. *Id.* ¶¶ 75-80. She claims Salas raised the issue with HR and Employee Relations ("ER"), but ultimately the decision about how to address Lavanty's behavior was left to Weatherby. *Id.* ¶¶ 82-83, 84-85. Warner alleges in late February 2021, "it was expressly discussed with [her] . . . that Mr. Lavanty's conduct" violated Amazon's policies against harassment and discrimination. *Id.* ¶ 86. Lavanty was allegedly "spared from any discipline or consequences" and was promoted to an L10 position on or around March 11, 2021. *Id.* ¶¶ 98, 102. Warner claims Weatherby "excused and intentionally assisted Mr. Lavanty in carrying out his discriminatory conduct." *Id.* ¶ 101. She alleges she was "undoubtably far more qualified than Mr. Lavanty" for the role. *Id.* ¶ 103.

Warner alleges that, despite holding an L8 role throughout her time at Amazon, she was performing "work that was consistent with an L10 role" while being denied "the same compensation and title/level that they provided to her equally or less experienced male colleagues at the Company who were officially designated as L10 employees." *Id.* ¶¶ 104, 111. Warner claims Lavanty's "L10 designation did not come with any discernible increase in ambit or responsibility" and, therefore, she was "performing substantially similar work" to Lavanty for less pay. *Id.* ¶ 106. Warner claims Weatherby and other ProServe executives repeatedly treated male and female employees differently. *Id.* ¶¶ 117, 131-34. She also alleges that, on unspecified dates, she pointed out to Weatherby that men were treated more favorably than women at ProServe, and Weatherby "decline[d] to respond." *Id.* ¶ 147. Warner claims that during discussions about the "Strategic Program Leaders" project she developed, her "male colleagues . . . would demean and belittle her ideas." *Id.* ¶ 154. According to Warner, Weatherby gave these male colleagues "the go-ahead" to take over the project without consulting her, and these "male colleagues utilized the very job descriptions and plans that they openly tore apart in previous team meetings." *Id.* ¶ 157.

Finally, Warner alleges Amazon and Weatherby retaliated against her for coming forward with unequal pay and discrimination claims against the Company by terminating her. *Id.* ¶¶ 170, 173. Warner alleges on April 7, 2021, "Amazon was specifically informed" through a letter that she believed Amazon's conduct violated Title VII and the EPA, and she alleges an unnamed "member of HR responsible for

ProServe" confirmed that Weatherby was aware of the letter. *Id.* ¶¶ 170-71. Warner also alleges that on April 14, 2021, she informed Weatherby and Toni Handler in HR that her unhappiness with ProServe "was connected to 'systemic bias, racism and discrimination that [she] ha[d] witnessed in ProServe.'" *Id.* ¶ 172. On April 28, 2021, Warner was allegedly notified that she was being terminated from her position in ProServe and would have 60 days to find a position outside of ProServe at Amazon. *Id.* ¶¶ 18, 173. When Warner failed to secure another position by the end of the 60-day job search period, *id.* ¶ 182 & n.7, she was terminated on June 30, 2021. *Id.* ¶¶ 204-05.

On May 19, 2021, Warner filed her initial Complaint. Dkt. 1. Defendants waived service of the Complaint on May 25, 2021, Dkt. 21, and filed a Motion to Dismiss on July 20, Dkt. 25. On August 6, 2021, Warner filed the FAC, asserting five additional causes of action. Dkt. 28. As a result, the Court denied Defendants' initial Motion to Dismiss as moot. Dkt. 29. On August 20, 2021, Defendants filed a Motion to Dismiss the FAC, Dkt. 30, which the Court granted without prejudice on July 5, 2022. Dkt. 38. Warner filed the SAC on July 29, 2022. Dkt. 44.

Warner asserts the following claims: (1) discrimination in violation of Title VII against Amazon, (2) retaliation in violation of Title VII against Amazon, (3) EPA violations against all Defendants, (4) retaliation in violation of the EPA against all Defendants, (5) discrimination in violation of the FEHA against Amazon, (6)

retaliation in violation of the FEHA against Amazon, (7) CEPA violations against all Defendants, and (8) retaliation in violation of the CEPA against all Defendants.[3]

## III.    LEGAL STANDARD

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff fails to assert a "cognizable legal theory" or the complaint lacks "sufficient facts . . . [to support] a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of h[er] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Therefore, "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Kevari v. Scottrade, Inc.*, 2018 WL 6136822, at *2 (C.D. Cal. Aug. 31, 2018) (citation omitted).

## IV.    ARGUMENT

Warner's SAC consists of *all* of the same conclusory statements, irrelevant assertions, and formulaic recitations that this Court previously found to be inadequate.

---

[3] Plaintiff stipulated to voluntarily dismiss her FEHA aiding and abetting claim against Weatherby (the Seventh Cause of Action).  *See* Dkt. 46.

Gibson, Dunn & Crutcher LLP

*First*, Warner does not state a claim of gender discrimination under Title VII or the FEHA because she fails to plausibly allege she experienced disparate treatment *because of* her gender.  *Second*, Warner has not added any facts to support her threadbare claim that she was paid less than any male employee for equal work.  And to the extent Plaintiff's equal pay claims are based on Amazon's decision to promote a male peer instead of her, failure to promote is not actionable under the EPA.  *Third*, Plaintiff's allegations that Amazon retaliated against her are fatally flawed because she fails to assert that the alleged decisionmaker, Weatherby, had sufficient knowledge of Plaintiff's purported complaints of discrimination and fired her *because of* those complaints.  *Fourth*, Plaintiff cannot hold Weatherby liable under the EPA or the CEPA because he is not an "employer."

### A.   Plaintiff Still Fails to State a Claim for Gender Discrimination Under Title VII or the FEHA.

Warner continues to assert only "broad and conclusive" allegations that "fail[] to provide specific details to substantiate the claim" that she experienced disparate treatment because of her gender.  Dkt. 38 at 12 (citation omitted); *see id.* (concluding that Warner's allegations "could just as easily be explained by" factors other than gender).  As this Court underscored in its order, a plaintiff can only state a claim of gender discrimination under Title VII or the FEHA if she plausibly alleges that "an employer has treated [her] less favorably than others ***because of*** a protected trait."

*Wood*, 678 F.3d at 1081 (emphasis added).[4]  Where there are no plausible allegations that the protected trait "actually motivated the employer's decision," the claim fails. *Id.* (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

Here, Warner continues to allege, in wholly conclusory terms, that Amazon "subject[ed] her to disparate treatment and discriminatory denial of advantageous terms and conditions of employment available to male employees, including . . . subjecting her to disparate working conditions," FAC ¶¶ 176, 198; SAC ¶¶ 211, 233, and that her termination "constitute[d] discrimination based on sex/gender," FAC ¶¶ 178, 199; SAC ¶¶ 213, 234.  As this Court agreed, such "broad and conclusive" allegations are plainly insufficient.  *See* Dkt. 38 at 12 (citation omitted); *see also Olsen v. Hortica Ins. Co.*, 2022 WL 464173, at *5 (N.D. Cal. Feb. 15, 2022) (dismissing FEHA claim based on "generalized personal conclusions" without "facts in the complaint from which the Court [could] infer that the harassment occurred *because* [plaintiff] was a member of a protected group").

In response to this Court's order, Plaintiff attempts to provide additional "example[s]" of preferential treatment; namely, that "male colleagues" "belittle[d] [her] ideas" in connection with the "Strategic Program Leaders" project, to whom Weatherby "gave . . . the go-ahead to take over."  SAC ¶¶ 154-57.  This allegation suffers from the same fatal flaw as her other purported "example[s]."  As this Court

---

[4]  The same standard applies to Title VII and FEHA claims.  *See Vizcaino v. Areas USA, Inc.*, 2015 WL 13573816, at *4 n.7 (C.D. Cal. Apr. 17, 2015).

noted, while Weatherby's alleged decision "*could be* explained by gender, [it] could just as easily be explained by [these male colleagues] having a stronger relationship with Weatherby than [Weatherby] did with Warner," dooming her claims.  Dkt. 38 at 12.  Plaintiff's conclusory assertion that the "abusive conduct" of these "male colleagues . . . was motivated by hostility to a senior woman among their ranks," SAC ¶ 157, does nothing to save her claims.  And Warner's new allegations of "patterns of gender discrimination" within ProServe, just like her prior allegations of "systemic mistreatment of women," Dkt. 38 at 12, are detrimentally vague.  *See, e.g.*, SAC ¶ 158 (alleging a "woman in ProServe experienced very similar patterns of gender discrimination . . . throughout 2020"); *id.* ¶ 168 (alleging "another high-level employee in ProServe . . . made several complaints about pay disparities with respect to female employees" from October 2020 to August 2021); *see also Ryan v. Santa Clara Valley Transp. Auth.*, 2017 WL 1175596, at *13 (N.D. Cal. Mar. 30, 2017) (dismissing discrimination claim based on "broad and conclusive statements").

Finally, Warner continues to allege that a comment by *Lavanty*, *see* FAC ¶ 78, SAC ¶ 80, supports her discrimination claim against Amazon and Weatherby.  But as Defendants noted in their prior Motion to Dismiss briefing, Warner provides no causal link between *Lavanty*'s alleged statement and *Weatherby*'s decision not to promote her.  *See* Dkt. 34 at 6 n.2.  Courts in this Circuit have made clear that "statements by nondecisionmakers" like Lavanty do not amount to evidence of discrimination.  *See Williams v. Camden USA, Inc.*, 2020 WL 953285, at *7 (S.D. Cal. Feb. 26, 2020)

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

(dismissing disparate treatment claim under the FEHA).  Therefore, Warner's gender discrimination claims must be dismissed.

### B. Plaintiff Still Fails to State a Discrimination Claim Under the EPA or the CEPA.

Although Warner has had multiple opportunities to amend her Complaint, Warner's SAC still fails to plausibly state an EPA or CEPA claim.  Warner does not (and cannot) allege she was paid less than any male peers who performed equal work.

As Defendants explained in their last Motion to Dismiss, to sufficiently plead a violation of the EPA, an employee must allege: (1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work, which requires equal skill, effort and responsibility; and (3) that the employees have similar working conditions.  *See Stanley v. Univ. of S. Calif.*, 13 F.3d 1313, 1321 (9th Cir. 1994); *Werner v. Advance Newhouse P'ship, LLC*, 2013 WL 4487475, at *5 (E.D. Cal. Aug. 19, 2013); Dkt. 30 at 11.  The requirements are the same under the CEPA.  *See Vega v. Honeywell Int'l, Inc.*, 2021 WL 1226483, at *14 (S.D. Cal. Mar. 30, 2021).  Despite having taken multiple bites at the apple, Plaintiff's claims still fall far short.

Plaintiff's SAC remains devoid of sufficient allegations to support her bare conclusion that Defendants paid higher wages to male employees because of their gender.  *See* SAC ¶¶ 224, 249.  Plaintiff was hired to perform an L8 role, *id.* ¶¶ 41-42, yet she does not allege any facts about how her salary differed from male employees at the same L8 level.  Lacking any specific, factual allegations about how her pay

compared to male employees at her level, Plaintiff's conclusory statement that Amazon "discriminated against Plaintiff on the basis of her gender by paying Plaintiff a lesser rate of pay . . . than that paid to male employees performing the same or substantially similar job duties," *id.* ¶¶ 224, 249, remains wholly insufficient. *See, e.g.*, *Werner*, 2013 WL 4487475, at *5 (dismissing EPA claim based on barebones allegations that a plaintiff "was paid less than similarly situated male employees").

Given the absence of any L8 comparators, Warner doubles down on her theory that she should have been compensated at the higher L10 level, parroting the same language from her first two Complaints. *See* SAC ¶ 111; FAC ¶ 106. This argument plainly fails. *See* Dkt. 38 at 14 (finding insufficient Warner's "broad and conclusory allegations that her work was 'consistent with an L10 role,' but it lacked the L10 compensation").

As to Warner's apparent allegation that Amazon discriminated against her by either not hiring her at the L10 level or not promoting her to an L10 role, neither action constitutes a violation of the EPA. The EPA is limited to gender-based differentials in *wages*—it does not encompass discrimination in hiring, firing, promotion, or transfer. *See Williams*, 517 F.3d at 1131; Dkt. 30 at 12. Here, Warner still fails to allege *any* salary differences apart from promotion-related differences, dooming her claims.

The principal basis of Warner's claims continues to be that she was allegedly excelling at her L8 role and, therefore, she should have been promoted to or compensated at the L10 level. However, "[t]he EPA does not guarantee an

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn & Crutcher LLP

individual's right to have h[er] employer record h[er] achievements at work." *Flores v. Red Robin*, 2018 WL 3811725, at *5 (E.D. Cal. Aug. 9, 2018).  Instead, the EPA and CEPA require that employees of the opposite sex are paid the same wages for equal work.  29 U.S.C. § 206(d)(1); Cal. Lab. Code § 1197.5(a).

Warner also continues to allege that Amazon discriminated against her by not paying her the same compensation as men at the L10 level because, despite her L8 title and compensation level, she was required "to perform work that was consistent with an L10 role," SAC ¶ 111; FAC ¶ 106—an allegation that this Court found to be "broad and conclusory."  Dkt. 38 at 14.  To withstand dismissal of claims under both the EPA and the CEPA, a plaintiff must plausibly allege—and not merely assert—that "the jobs being compared are substantially equal."  *Werner*, 2013 WL 4487475, at *5 (dismissing EPA claim that was only supported by the mere "legal conclusion" that male employees who were paid more than the plaintiff were "similarly situated" without any "factual support" (citation omitted)).  To adequately plead that jobs are "substantially equal," Plaintiff must aver "sufficient *specific*, *factual* allegations comparing the 'skill, effort, and responsibility'" between her L8 position and the L10 position of a male employees who she alleged received higher pay.  *Banawis-Olila*, 2016 WL 4070133, at *3 (emphasis added) (citation omitted).  She fails to do so.

As in both of Warner's prior Complaints, the SAC still emphasizes that she was "often" sent to meetings "as a surrogate for Mr. Weatherby" in an attempt to support the conclusion that she was entitled to an L10 salary.  SAC ¶ 105; FAC ¶ 101.  But as

Defendants previously noted, subordinates are often sent to meetings in place of their managers (as associates are often sent to court in place of partners). *See* Dkt. 25 at 12; Dkt. 30 at 15. That does not, of course, make their jobs equivalent in skill, effort, or responsibility. Indeed, as this Court recognized, "[i]n all sorts of workplaces, employees at different levels share *some* of the same responsibilities." Dkt. 38 at 14.

Moreover, Plaintiff's vague assertion that her involvement in "various groups and initiatives . . . combined to more than a typical L8 role," SAC ¶ 105, likewise fails to provide the "*specific*, *factual* allegations" needed to demonstrate that her position required the same "skill, effort, and responsibility" as that of an L10. *Banawis-Olila*, 2016 WL 4070133, at *3. Warner's claim that her unspecified role in unidentified "groups and initiatives" should have warranted compensation above her L8 level is far from sufficient. Indeed, even if Warner's allegation that her involvement in some "groups and initiatives . . . combined to more than a typical L8 role" were somehow sufficiently specific (it is not), it would still fall short of supporting the conclusion that her role was substantially similar to that of an L10. This assertion suggests—at most—that her role was above that of a "typical" L8. *See* SAC ¶ 105. That does not mean that her role was equal to an L10.

And as in Plaintiff's prior Complaints, the only specific L10 employee to whom Warner compares herself in the SAC is Lavanty, and this comparison once again fails. This Court dismissed Warner's FAC because "Warner acknowledge[d] . . . that once Lavanty reached the L10 level, he became 'her superior,' which implies that Lavanty

15

had more authority than Warner had," dooming her claim.  Dkt. 38 at 14.  Warner

continues to allege that Lavanty's promotion made him her "superior," SAC ¶ 115,

repeating the fatal flaw that already led this Court to dismiss.  In fact, Warner now

alleges Lavanty's promotion offered him "*increased influence and access*," *id.*

(emphasis added), contradicting her assertion that her and Lavanty's roles remained

substantially similar upon his promotion.  *See id.* ¶ 107 (alleging Lavanty did not

receive "any . . . greater authority").  Because these allegations are "inconsistent," "the

court need not accept [them] as true."  *Walsh v. AMD Sacramento*, 2014 WL 4472752,

at *10 n.7 (E.D. Cal. Sept. 11, 2014), *report and recommendation adopted* (E.D. Cal.

Dec. 29, 2014), *aff'd sub nom. Walsh v. Am. Med. Response*, 684 F. App'x 610 (9th

Cir. 2017).

Even without these fatal concessions, Warner's SAC lacks plausible allegations

that she and the newly promoted Lavanty performed the same job.  As before, Warner

continues to assert without apparent foundation that "*little* to no changes were made to

[Lavanty's] job duties" in the L10 role—a role he held for just six weeks before

Warner was relieved of her responsibilities within ProServe—plainly leaving room for

*some* unspecified changes.  *Id.* ¶ 106 (emphasis added).  Therefore, Warner has failed

to state a viable discrimination claim under the EPA or the CEPA.

**C.    Plaintiff Still Fails to Plausibly Allege Retaliation.**

Warner's retaliation claims are also deficient.  Warner has not alleged (and

cannot allege) sufficient facts from which this Court could reasonably infer that she

16

was terminated because she complained about unlawful gender discrimination or unequal pay.  To state a valid retaliation claim under Title VII, the EPA, or their California equivalents, a plaintiff must show that she engaged in "protected activity" that "was a but-for cause of the alleged adverse action by the employer."  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).  To plausibly allege such a causal link, a plaintiff must allege that a complaint of discrimination was a "likely" reason for her termination.  *See Griffith v. Logisticare Sols., LLC*, 2017 WL 8222609, at *4 (C.D. Cal. June 15, 2017).  Plaintiff has failed to do so.

### 1. Plaintiff Still Fails to Plausibly Allege Retaliation Under Title VII or the FEHA.

As in her prior Complaints, Warner fails to allege that Weatherby (the alleged decisionmaker at Amazon) knew she had complained of gender discrimination prior to her removal or termination.  Therefore, she still fails to allege a plausible causal connection between any protected activity and her termination.  *See* Dkt. 38 at 16.

Warner continues to make allegations that the Court already found insufficient.  *See, e.g.*, SAC ¶ 170 (alleging "*Amazon* received [the April 7] letter" and that "*Amazon* was specifically informed" of her grievances (emphases added)).  As before, "Warner asse[r]ts only that *Amazon* knew of the protected activity" prior to her removal from ProServe, Dkt. 38 at 16; she fails to allege Weatherby received or even was aware of this letter before he supposedly participated in any decision to remove her from her role within ProServe or terminate her employment.  Likewise, she

continues to vaguely allege she escalated concerns of bias, but provides no indication Weatherby was aware of such escalations.  *Id.* ¶ 52.

Warner's new allegations fail to nudge her retaliation claims any closer to plausibility.  She now alleges she complained to individuals in HR and ER, while still failing to allege that Weatherby himself was aware of these complaints prior to her removal or termination.  *E.g.*, SAC ¶ 94.  Likewise, while she now alleges "it was expressly discussed with Ms. Warner . . . that Mr. Lavanty's conduct . . . pointed toward violations of" Amazon's policies, she fails to allege any facts to support her conclusory assertion that "Mr. Weatherby and Amazon" were "aware" of any "complaint" she might have made in this regard.  *Id.* ¶ 86; *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a court need not accept "unreasonable inferences" in a complaint).

Critically, although Warner now alleges Weatherby was aware of the April 7 letter, she fails to allege that Weatherby became aware of this letter's contents *prior to* his purported involvement in her removal from ProServe or her termination.  *See, e.g.*, SAC ¶ 171 (alleging Weatherby "was informed" of the letter, but failing to specify when).  Indeed, she suggests that *someone* at Amazon "receiv[ed] her attorneys' letter" prior to her removal, but she does not allege that *Weatherby* received or even was aware of the letter at that time.  *Id.* ¶ 173; *see id.* ¶ 18 (alleging Weatherby "was aware of her attorneys' letter" but failing to allege this awareness arose prior to her removal).  Absent this critical allegation, her retaliation claims must fail.  *Cf.* Dkt. 38 at 16.

18

Gibson, Dunn & Crutcher LLP

Her allegations regarding the March 8, 2021 phone call between Warner, Weatherby, Lavanty, and Toni Handler from HR are similarly insufficient. *See* SAC ¶¶ 89-93. Warner does not allege she suggested to Weatherby during that phone call that Lavanty's alleged comments were discriminatory. *See id.* ¶¶ 91-92. Instead, she now concedes that "the reason for the meeting" was to discuss Lavanty's alleged takeover of a customer relationship—not to bring any alleged statements by Lavanty to Weatherby's attention. *Id.* ¶ 89. Accordingly, Warner's conclusory assertion that Weatherby's failure to discuss Lavanty's alleged statements during this call somehow "demonstrate[s] [Weatherby's] clear retaliatory animus," *id.* ¶ 91, presents an unreasonable inference this Court should reject. *See Sprewell*, 266 F.3d at 988.

Indeed, throughout the SAC, Warner continues to rely on wholly conclusory assertions instead of offering factual allegations. For instance, she asserts her termination was a "blatantly retaliatory move against [her] that proved Defendants' animus and hostility against her." SAC ¶ 18. But she fails to allege any facts to support this assertion. Rather, in an attempt to allege her termination was retaliatory and motivated by discriminatory animus, she alleges merely she was terminated and suggests that the termination somehow demonstrates animus. This is insufficient.

In the same vein, Warner fails to allege any facts to support her barebones assertion that "Defendants retaliated against [her] for complaining about unequal treatment of herself and others *on the basis of sex/gender*" in particular. SAC ¶ 218 (emphasis added). Warner alleges merely she informed Weatherby that "her

19

Gibson, Dunn & Crutcher LLP

unhappiness with her time in ProServe was connected to 'systemic bias, racism and discrimination that [she] . . . witnessed in ProServe.'" *Id.* ¶ 172.  She fails to allege she complained to Weatherby of unlawful *gender* discrimination in a manner that was "sufficiently clear and detailed," *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011), such that she could plausibly assert retaliation "for complaining about unequal treatment . . . *on the basis of sex/gender*," SAC ¶ 218 (emphasis added). Warner therefore fails to show "but-for" causation between any protected activity and an adverse employment action.  *Nassar*, 570 U.S. at 360.  She therefore fails to allege a plausible causal link between Weatherby's awareness that she engaged in any protected activity under Title VII or the FEHA and her alleged termination for complaining about unequal treatment on the basis of gender.  *See* Dkt. 38 at 16 & n.80; *cf. Walls v. Kiewit Corp.*, 2019 WL 8685070, at *6 (C.D. Cal. Dec. 17, 2019). Warner's Title VII and FEHA retaliation claims must be dismissed.

### 2.   Plaintiff Still Fails to Plausibly Allege Retaliation Under the EPA or the CEPA.

Warner also fails to plausibly allege retaliation under the EPA or the CEPA.[5]  To support her claims, Warner alleges merely she "raise[d] . . . concerns with Mr. Weatherby during team leadership meetings in early April 2021" that "she believed" four unnamed employees "were being paid less than several of their male colleagues

---

[5] Courts rely on cases interpreting Title VII retaliation claims when analyzing retaliation claims under the EPA, which is codified as part of the Fair Labor Standards Act ("FLSA").  *See* Dkt. 30 at 9 n.3.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

because of their gender." SAC ¶ 56. She does not present any specific, factual allegations to demonstrate her belief was reasonable—that is, that these unidentified women were performing equal work to their male colleagues—as required to show she engaged in protected activity under the EPA or CEPA. *See Werner*, 2013 WL 4487475, at *5; *Flores,* 2018 WL 3811725, at *5 (dismissing retaliation claim where the plaintiff did "not allege that he complained to his supervisor that [defendant] paid a female employee more than [him] *for the same work*" (emphasis added)). She also fails to allege any facts to support the conclusion that she was plausibly terminated *because of* this complaint. Warner's retaliation claims under the EPA and CEPA must therefore be dismissed.

### D. Plaintiff's Claims Against Weatherby in His Individual Capacity Must Be Dismissed.

Plaintiff's claims against Weatherby must be dismissed because neither the CEPA nor the EPA allow for individual liability based on such conclusory allegations.

With respect to the CEPA, as Defendants noted in their Motion to Dismiss the FAC, individual employees like Weatherby cannot be held liable when acting within the scope of their employment. *See Martinez v. Combs*, 231 P.3d 259, 277-79 (Cal. 2010); *Mayfield v. Cnty. of Merced*, 2014 WL 5823028, at *6 (E.D. Cal. Nov. 10, 2014) ("[I]ndividual corporate agents acting within the scope of their agency are not liable for wage and discrimination claims."); *Jones*, 2005 WL 8177458, at *10 (dismissing claims under the CEPA because "an individual supervisor could not be

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK
Gibson, Dunn & Crutcher LLP

held personally liable under § 1197.5"); *Evenfe v. Esalen Inst.*, 2016 WL 3965167, at *11 (N.D. Cal. July 24, 2016); Dkt. 30 at 22.

And with respect to the EPA, Warner fails to plausibly allege Weatherby is an "employer" who may be held liable.  An individual employee may be held liable under the EPA[6] only when he exercises "control over the nature and structure of the employment relationship," such that he has a "significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire employees; the power to determine salaries; and the responsibility to maintain employment records."  *Boucher*, 572 F.3d at 1091 (citation omitted).

Warner has continuously failed to allege sufficient facts to meet this threshold. Warner does not allege that Weatherby had any "ownership interest" in or "operational control" over Amazon—let alone a "*significant* ownership interest with operational control." *See id.* (emphasis added).  Warner now attempts to paint Weatherby as an "employer" by alleging that he was "the head of an organization employing several thousand employees."  SAC ¶ 93.  But just because Weatherby may be the head of ProServe, a single division within Amazon Web Services in which a fraction of its employees work, does not mean that he holds a "significant ownership interest with operational control" over the whole company.  *See Boucher*, 572 F.3d at 1091.

---

[6] The definition of "employer" is the same under the EPA and FLSA.  *See Flores*, 2018 WL 3811725, at *5.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn &
Crutcher LLP

Unlike in *Boucher*, where managers were "employers" because they held 30 percent ownership interest in a hotel, casino, and bowling center and had "control and custody" over the plaintiff's employment class, here, Warner fails to allege Weatherby owned any portion of Amazon, exercised any control over Amazon's day-to-day functions, or maintained Amazon employees' records. *See id.*; *see Fenglin Zhang v. Aicem Grp., LLC*, 2014 WL 12678026, at *4 (N.D. Cal. Jan. 28, 2014) (individuals were not "employers" where the plaintiff did not "allege[] [they] had a significant ownership interest with operational control over significant aspects of [an elderly care facility's] day-to-day functions, the power to hire and fire employees, the power to determine salaries, or the responsibility to maintain employment records").

As Defendants pointed out in their prior Motion to Dismiss, the crux of the "employer" analysis is whether the employee at issue "control[s] the very things" which allegedly led to the plaintiff's pay discrimination claims. *Baird v. Kessler*, 172 F. Supp. 2d 1305, 1312 (E.D. Cal. 2001), *aff'd*, 81 F. App'x 249 (9th Cir. 2003); Dkt. 30 at 23.[7]  Warner's core theory is that Amazon failed to promote her to an L10, instead promoted Lavanty, and ultimately terminated her employment.  Warner continues to set forth the same conclusory allegations that Defendants' highlighted in their previous briefing:  that Weatherby "controlled the terms and conditions of her

---

[7]  To the extent Warner argues that Weatherby should be held liable because he had control over the decision to promote Lavanty, failure to promote allegations do not support an EPA claim.  *See supra* at page 9.

employment[,] including her compensation," and the ability to assign her "specific projects and duties," FAC ¶¶ 37, 47, SAC ¶¶ 35, 45; Dkt. 30 at 24.

Warner still fails to plausibly allege that Weatherby was responsible for determining who would be selected for promotion within ProServe. Despite amending her Complaint in response to this same argument in Defendants' *two* prior Motions to Dismiss, Warner continues to allege that it was "***Amazon's*** decision to deprive Ms. Warner of opportunities for promotion into the L10 role" and "***Amazon's*** decision to promote Mr. Lavanty to an L10 role." FAC ¶¶ 100, 102; SAC ¶¶ 104, 106 (emphases added); *see* Dkt. 30 at 24. And with respect to Warner's conclusory allegation that Weatherby "controlled . . . the ability to hire and fire," FAC ¶ 37, SAC ¶ 35, her new claim that "[t]he approval of other Amazon officials was necessary" to terminate her undercuts any plausible argument that Weatherby "controlled" that decision. SAC ¶ 174. Similarly, Plaintiff now concedes that "hiring and termination decisions" within ProServe were required to be "reviewed . . . by other Amazon personnel," precluding her claim. *Id.* ¶ 45; *see Baird*, 172 F. Supp. 2d at 1311 (supervisors and managers were not "employers" because "a crucial aspect of control [was] missing" where they only "recommended or reviewed the termination of other employees"). Such barebones, contradictory allegations that Weatherby "controlled" Warner's employment are insufficient to show that Weatherby was involved in allegedly discriminatory pay decisions, as required to hold him liable. *See Banawis-Olila*, 2016

Gibson, Dunn & Crutcher LLP

WL 4070133, at *3 (dismissing EPA claim because bare assertions stating legal conclusions are "not entitled to a presumption of truth").

As Defendants argued in their prior Motion to Dismiss, *see* Dkt. 30 at 24-25, courts in this Circuit repeatedly dismiss claims against individual employees based on such "conclusory allegations of control." *Ford v. Yasuda*, 2014 WL 9887277, at *9-10 (C.D. Cal. July 30, 2014) (allegations that "an executive and owner of [defendant company] with the power to control the terms and conditions of Plaintiffs' employment" were insufficient); *see, e.g.*, *Evenfe*, 2016 WL 3965167, at *10-11. Therefore, the Court should dismiss Plaintiff's claims against Weatherby.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's SAC should be dismissed with prejudice.  At a minimum, if the SAC is not dismissed in its entirety, Plaintiff's claims against Weatherby should be dismissed with prejudice.

Dated:    August 26, 2022

> JASON C. SCHWARTZ
> LAUREN M. BLAS
> ZAINAB N. AHMAD
> GIBSON, DUNN & CRUTCHER LLP
>
>
> By:  */s/ Lauren M. Blas*
> Lauren M. Blas
>
> Attorneys for Defendants

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. 5:21-CV-00866-JWH-KK

Gibson, Dunn &
Crutcher LLP